# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

V.                      CASE NUMBER. 3:16-CR-00101-JDP-3

JASON WELLER,

    Defendant.

## DEFENDANT'S MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

    The defendant, Jason Weller, pro se, moves the court under 18 U.S.C. Section 3583 (e) (2), and the federal Rule of Criminal Procedure 32.1 (c), for an order modifying the conditions of supervised release to permit interstate travel for employment purposes only. Abiding by the current conditions of supervised release is preventing Mr. Weller from gainful employment.

    In support of this motion Mr. Weller relies upon the following:

    1. On March 28, 2017, Mr. Weller plead guilty to violating 21 U.S.C. Section 846, conspiracy to distribute Marijuana. (Docket # 53). On April 2, 2018, the court sentenced him to a term of incarceration of 32 months, followed by 3 years supervised release and $100 court assessment. ( Docket #s 194-195).

    2. On August 1, 2019, Mr. Weller completed his sentence at FCI Oxford ( with no incidents) and reported to the halfway house in Fort Myers, Florida.

    3. Mr. Weller immediately found employment and began working on August 11,

2019 at USA Services, 4036 Edison Avenue, Fort Myers, Florida 33901 ( Main Office phone number 1-800-226-3200). He earns $13.00 an hour operating a street sweeper which requires a Commercial Drivers's License (CDL).

4. On October 21, 2019, Mr. Weller was placed on bracelet monitoring. The bracelet was subsequently removed on January 26, 2020 when his status was changed to supervised release.

5. Mr. Weller is on low level of supervision. The contact information for his current supervising agent is:

> United States Probation Office
> 2110 First Street, Suite 4-182
> Fort Myers, Florida 33901
> Email: Erin_Kandik@flmp.uscourts.gov

6. On January 27, 2020, Mr. Weller traveled back to Wisconsin to settle his deceased grandfather's estate and returned to Fort Myers florida on February 5, 2020. Mr. Weller notified the supervising agent upon return via email.

7. Mr. Weller's hours at his current job have been reduced from (normally) 60-70 hours, to roughly 40 hours per week. Other conditions surrounding his current employment have diminished, in part, due to the coronavirus pandemic. Moreover, there is no possibility of advancement at his current employment. Despite the hardships of his low-paying employment he has maintained residential and financial stability.

8. Mr. Weller is an experienced, long-haul tractor trailer driver and is requesting the court to permit him to seek gainful employment which requires state-to-state traveling. *See e.g., United States v. Rose,* No. 04-20038-04, 2019 U.S. LEXIS 213913 *1 (E.D. Mich., Dec. 2019) (court "amended Defendant's supervised release term to allow him to travel through contiguous 48 states for employment purpose only."). Moreover, after reviewing his resume for a CDL Driver position, a trucking company in Southwest Florida requested Mr. Weller to contact them. (See Attachment A, email from Linda Dubberly at ALL My Sons Moving & Storage of Southwest Florida, Inc.). This particular job would start his pay at $70,000 per year, a nearly $40,000 increase from his current employment. However, Mr. Weller's current status on supervision precludes him from gaining such employment.

9. To maintain his CDL, Department of Transportation regulations require Mr. Weller to be periodically tested for drugs and alcohol. See e.g., 49 C.F.R. Part 40.

10. The Federal Motor Carrier Safety Administration requires all over-the-road trucks to be monitored by the Electronic Logging Device Mandate, that tracks a driver's hours, speed, and location.

11. Since his release from federal custody last August, Mr. Weller has made a successful reintegration into the community. His conduct has been full compliance with the terms of his supervised release, and he has had no negative contacts with law enforcement.

based on the above, Mr weller respectfully requests the court to modify the conditions of his supervised release to permit him to travel out of state for employment purposes only.

Pursuant to 28 U.S.C. Section 1746, the undersigned declares that the foregoing is true and correct.

Dated this _1st_ day of April, 2020, at lehigh Acres, Florida.

Respectfully submitted,

Jason E Weller, Pro se
1102 Henry Ave
Lehigh Acres, Florida 33972
407-821-2542
jasonweller26@yahoo.com